

**SO ORDERED.**

**SIGNED this 4th day of May, 2016.**

                                           */s/ Lena Mansori James*
                                        LENA MANSORI JAMES
                                  UNITED STATES BANKRUPTCY JUDGE

---

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| In Re: | ) |
| | )     **ORDER CONFIRMING PLAN** |
| | )               **Chapter 13** |
| **ERIC DEWAN TUTTLE**     xxx-xx-4135 | ) |
| 212 Williamsgate Court | ) |
| Winston-Salem, NC  27107-2010 | ) |
| | )     Case No. B-**16-50007** C-13W |
| | ) |
|         Debtor(s) | ) |

    This case came before the Court, after notice and opportunity for hearing, for confirmation of the Chapter 13 plan proposed in this case; and IT APPEARING to the Court as follows:

**I.**    The Trustee in this case is <u>Kathryn L. Bringle</u>, Standing Trustee, <u>P. O. Box 2115</u>, <u>Winston-Salem, North Carolina 27102-2115</u>;

**II.**    The attorney for the Debtor(s) is **Donald R. Buie**;

**III.**    Under the final plan (the "Plan") as proposed:

    **A.**    **Plan Payments**

        1.    The Debtor(s) is/are to make monthly payments to the Trustee which are to be disbursed by the Trustee in accordance with the Plan and this Order;

        2.    The monthly plan payment to the Trustee is **$1,305.00** beginning **February 2016**;

    **B.**    **Administrative Costs**

        1.    **Attorney Fees.**  The Attorney for the Debtor(s) is allowed the base fee of **$3,700.00**. The Attorney has received **$257.00** from the Debtor(s) pre-petition and the remainder of the base fee will be paid by the Trustee as funds are available.

        2.    **Trustee costs.**  The Trustee will receive from all disbursements such amount as approved by the Court for payment of fees and expenses.

Tuttle
16-50007 C-13W

**C.     Priority Claims**

Any timely filed claims entitled to priority under 11 U.S.C. §507, on behalf of the entities listed below, will be paid in full in deferred cash payments unless otherwise indicated.

1. Internal Revenue Service

2. North Carolina Department of Revenue

3. Forsyth County Tax Collector

**D.     Secured Claims**

1. Long-term Debts – To be paid by Trustee.

| Creditor & Property | Claim Filed (Y/N) | Monthly Payment | Monthly Payment to Begin | Arrears Through | Arrears Amount | Monthly Payment on arrears |
|---|---|---|---|---|---|---|
| **Roundpoint Mortgage Servicing Corporation** **RESIDENCE.  1st lien** **212 Williamsgate Court** **Winston-Salem, NC** | **N** | **$729.00 with escrow** | **4/2016** | **3/2016** | **$20,900.00 estimated** | **All available** |

2. Secured Claims To Be Paid In Full - Personal Property

| Creditor & Property | Claim Filed (Y/N) | Claim Amount | Monthly Payment | Interest Rate | AP Payment |
|---|---|---|---|---|---|
| **North American** **2001 Honda Accord** | **Y** | **$2,050.00** | **$200.00** | **5.5%** | **$30.00** |

**E.     General Unsecured Claims Not Separately Classified.**

General unsecured claims not separately classified will be paid as funds become available after payment of costs of administration.  The estimated dividend to general unsecured claims is **1%**.

**Ditech Financial, LLC**
**Claim not filed.**

**Possible second deed of trust on real property located at 212 Williamsgate Court in Winston-Salem, North Carolina.**

**The Debtor states that the value of the real property is $78,000.00 and that the balance due on the first deed of trust lien is approximately $79,060.00.  There is no value in the real property above the first deed of trust lien.**

**Continued on next page**

**Continued from previous page**

      **Any timely filed claim will be classified as an unsecured claim for purposes of disbursements by the Trustee, thereby allowing the Creditor to receive funds if they become available for unsecured creditors unless a party in interest objects. This treatment is conditioned on the requirement that the Debtor files the appropriate pleading so a hearing can be held to establish the value of the collateral and the permanent classification of the claim.**

**F.**    **Special Provisions**

    <u>**New Williamsgate HOA**</u> **– Homeowner association dues**

    **Post-petition dues – Post-petition dues will be paid by the Trustee beginning with the payment due February 2016. The Debtor believes the payments are currently $15.00 per month. No payments will be disbursed until the Creditor files a proof of claim.**

    **Pre-petition dues – If the Creditor files a timely proof of claim for pre-petition dues, the claim will be classified as an unsecured general claim unless the Creditor provides evidence of a lien.**

**G.**    The Debtor(s) will pay **THE GREATER OF** the amount necessary to pay all allowed costs of administration, priority and secured claims in full, with the exception of continuing long term debts, **OR** a **minimum** of <u>**60**</u> monthly plan payments, **with the additional requirement that unsecured general creditors receive $2,000.00 because of disposable income,** with the plan to be reviewed in twelve (12) months and periodically thereafter for plan payment adjustments;

**H.**    The terms and provisions of the Amended Standing Order dated <u>March 11, 2016</u> are incorporated in this Order and are available on the Court's website at **www.ncmb.uscourts.gov**

**I.**    **IT FURTHER APPEARING** to the Court that the Plan complies with the requirements of 11 U.S.C. §1325; therefore, it is

    **ORDERED** that the Plan is confirmed.

END OF DOCUMENT

<u>PARTIES TO BE SERVED</u>
PAGE 1 OF 1
16-50007 C-13W


Kathryn L. Bringle
Chapter 13 Trustee
P O Box 2115
Winston Salem, NC 27102-2115